IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHRISTOPHER ROY KOCH, #73458,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-01362-JPG |
| | ) | |
| **ST. CLAIR COUNTY SHERIFF DEPT.,** | ) | |
| **XAVIER BLACKBURN,** | ) | |
| **SERGEANT SCOTT,** | ) | |
| **OFFICER KNYFF,** | ) | |
| **JANE DOE,** | ) | |
| **SERGEANT MOORE,** | ) | |
| **OFFICER GERMAINE,** | ) | |
| **DETECTIVE KIRKECHEC,** | ) | |
| **JOHN DOE ##1-5,** | ) | |
| **WEXFORD MEDICAL,** | ) | |
| **NURSE DEBROHE,** | ) | |
| **and DR. LARSON,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Christopher Koch, a detainee at Ste. Genevieve County Jail located in St. Genevieve, Missouri, brings this action for deprivations of his constitutional rights under 42 U.S.C. § 1983. In the Amended Complaint, Plaintiff complains of constitutional violations that occurred in connection with an unlawful search, arrest, assault, injury, and denial of medical care in St. Clair County, Illinois. (Doc. 24, pp. 1-18). Plaintiff seeks money damages in connection with his claims. (*Id*. at 10).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally

1

frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). Before the Court screens the Complaint, however, it must first determinate whether any claims are improperly joined in this action and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## Amended Complaint

Plaintiff's claims arise from the following events described in the Amended Complaint (Doc. 24, pp. 1-18): On or around June 18, 2019, Plaintiff was subject to an unlawful search and seizure. (*Id*. at 5, 8-9, 15). While moving into his new home with his fiancé, Detective Xavier Blackburn and Officers John Doe 1-5 entered the home without consent, without a warrant, and with firearms in hand. At the time, DeWayne Tottlebin was helping the couple move, and there was an outstanding warrant for his arrest. When the officers found methamphetamines in the home, they arrested Tottlebin and Plaintiff. Detective Blackburn and Officers Doe 1-5 disregarded the fact that Plaintiff was working as an informant for the Drug Enforcement Agency at the time. Drug Tactical Unit Detective Kirkechec and another officer coerced a confession from Plaintiff, by threatening to arrest his fiancé if he refused to make the false statement. (*Id*. at 8-10). When a judge later found the search of Plaintiff's home unconstitutional, all charges stemming from it were dismissed. (*Id*. at 15).

When interrogating Plaintiff, Officer Kirkechec disclosed his status as a DEA informant to Tottlebin and other detainees. (*Id*. at 9). Two days later on July 20, 2019, one of these detainees assaulted Plaintiff with a medical cast and caused him to lose consciousness. (*Id*.).

Despite his complaints of intense neck pain, Sergeant Scott, Nurse Debrohe, and two other nurses refused to provide Plaintiff with a neck brace, wheelchair, or medical care. (*Id*. at 10-12).

They eventually agreed that Sergeant Scott and Officer Knyff would transport Plaintiff to a hospital for stitches. On the way, Officer Knyff refused to use a seatbelt to restrain Plaintiff and drove recklessly. The officer then forced the exhausted and injured detainee to walk from the parking lot into the hospital. Plaintiff lost consciousness and collapsed in the parking lot. When he regained consciousness, Plaintiff found himself in the emergency room on a stretcher wearing a neck brace. He was diagnosed with a fractured vertebrae (C4). (*Id*.).

While still in the emergency room, Officer Knyff refused to help Plaintiff walk to the toilet. (*Id*. at 12). The officer instead ordered him to use a makeshift bedpan in the presence of passersby. Plaintiff was humiliated when he soiled himself in front of others. (*Id*.).

On September 16, 2020, Sergeant Moore and Officer Germaine escorted Plaintiff to Saint Louis University for follow-up care of his fractured vertebrae. (*Id*. at 13). The officers neglected to bring Plaintiff's test results with them, and Sergeant Moore violated Plaintiff's privacy rights under HIPAA by having his girlfriend retrieve the information. (*Id*.). Sergeant Moore then forced Plaintiff to leave the neurosurgeon's office without the necessary referral for physical therapy (PT) issued by the specialist. (*Id*. at 13-14).

Plaintiff began filing grievances in November 2019. (*Id*. at 14). He complained of the denial of medical care for his fractured vertebrae, the improper medical transport, and the failure to obtain referral forms for physical therapy. On December 4, 2019, Plaintiff received a verbal response to his grievances from Officer Bujnak, who confirmed that the Jail's medical department never received the PT referral from September 16, 2019. Plaintiff immediately signed an authorization for release of this information. He waited another month to meet with Dr. Larson, the Jail's physician, on January 16, 2020. (*Id*. at 15). Dr. Larson ultimately sent Plaintiff to a

single PT session.  As a result of this delay in proper medical care, Plaintiff continues to suffer from pain and loss of mobility in his neck and head.  (*Id*.).

The Court deems it necessary and appropriate to reorganize the claims in the *pro se* Amended Complaint (Doc. 24), into the following ten (10) counts:

**Count 1:** Unlawful search and seizure claim against Detective Blackburn and Officers John Does 1-5 for the events that transpired at Plaintiff's new home on July 18, 2019.

**Count 2:** Unlawful arrest claim against Detective Blackburn and Detective Kirkechec for the arrest that occurred at Plaintiff's home on July 18, 2019.

**Count 3:** Failure-to-protect claim against Detective Kirkechec for announcing Plaintiff's status as a DEA informant in the presence of Tittlebin and other detainees.

**Count 4:** Malicious prosecution claim against Detective Blackburn and Detective Kirkechec arising from the events that transpired on July 18, 2019.

**Count 5:** Denial of medical care claim against Wexford Medical, Nurse Debrohe, Jane Doe 1, Sergeant Scott, Officer Knyff for failing to timely or adequately treat Plaintiff for the injuries he sustained on July 20, 2019.

**Count 6:** Excessive force claim against Officer Knyff for transporting Plaintiff to the hospital in a reckless manner and causing him to sustain further injury on July 20, 2019.

**Count 7:** Claim against Officer Knyff for punishing Plaintiff by forcing him to use a makeshift bedpan in public at the hospital on July 20, 2019.

**Count 8:** Denial of medical care claim against Sergeant Moore and Officer Germaine for their failure to provide necessary medical information or to obtain a PT referral at Plaintiff's neurosurgery appointment on September 16, 2019.

**Count 9:** HIPAA claim against Sergeant Moore and Officer Germaine for sharing Plaintiff's private medical information with Sergeant Moore's girlfriend.

**Count 10:** Denial of medical care claim against Dr. Larson for the delay in Plaintiff's follow-up appointment and PT referral until January 16, 2020.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Severance**

Plaintiff's claims involve two, or more, distinct groups of defendants, separate transactions or occurrences, few common questions of fact, and different legal theories. These claims cannot proceed together in the same suit. *See* FED. R. CIV. P. 18, 20(a)(2). District courts must apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together in the same case. *George*, 507 F.3d at 607. Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Plaintiff's claims can be divided into two groups at this stage: (1) Counts 1 through 4 arising from the search, seizure, and arrest that occurred on July 18, 2019; and (2) Counts 5 through 10 arising from the denial of medical care that occurred in connection with the inmate attack on July 20, 2019. The Court will exercise its discretion and sever Counts 5 through 10 into a new suit. Plaintiff will be responsible for paying the additional filing fee for the newly-severed case, unless he timely advises the Court that he does not wish to proceed with the action(s). Counts 1 through 4 will remain in this action. The Court will enter a separate screening order pursuant to 28 U.S.C. § 1915A for Counts 1 through 4.

**Disposition**

**IT IS ORDERED** that **COUNTS 5, 6, 7, 8, 9,** and **10** are **SEVERED** into a new case, which shall be captioned: **CHRISTOPHER ROY KOCH, Plaintiff vs. WEXFORD MEDICAL, NURSE DEBROHE, JANE DOE 1, SERGEANT SCOTT, OFFICER KNYFF, SERGEANT MOORE, OFFICER GERMAINE, and DR. LARSON, Defendants.**

The Clerk is **DIRECTED** to file the following documents in the newly-severed case:

1) The Amended Complaint (Doc. 24);
2) Motion for Leave to Proceed *in forma pauperis* (Doc. 3);

3) Plaintiff's Trust Fund Account Statement (Doc. 9);

4) This Memorandum and Order Severing Case.

**IT IS ORDERED** that Defendants **WEXFORD MEDICAL, NURSE DEBROHE, JANE DOE 1, SERGEANT SCOTT, OFFICER KNYFF, SERGEANT MOORE, OFFICER GERMAINE,** and **DR. LARSON** are **DISMISSED** with prejudice from this action, and the Clerk of Court is **DIRECTED** to **TERMINATE** these Defendants as parties to *this action* in CM/ECF.

The **only claims remaining in this action** are **COUNTS 1, 2, 3,** and **4** against Defendant **XAVIER BLACKBURN, DETECTIVE KIRKECHEC,** and **JOHN DOES 1-5**. The Clerk of Court is **DIRECTED** to modify the case caption as follows: **CHRISTOPHER ROY KOCH, Plaintiff vs. XAVIER BLACKBURN, DETECTIVE KIRKECHEC,** and **JOHN DOES 1-5, Defendants.** The Court will separately screen Counts 1 through 4 pursuant to Section 1915A.

**IT IS ORDERED** that **ST. CLAIR COUNTY SHERIFF'S DEPARTMENT** is **DISMISSED** without prejudice from this action. Plaintiff does not mention this defendant in the statement of his claim or in connection with any claims.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 6/26/2020**

s/ *J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**